NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50093 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 3:19-cr-00244-AJB-1 |
| | 3:19-cr-00244-AJB |
| ISRAEL GONZALEZ-VAZQUEZ, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted February 7, 2022**
Pasadena, California

Before: LIPEZ,*** TALLMAN, and LEE, Circuit Judges.

Israel Gonzalez-Vazquez appeals his conviction on two counts of bringing an

alien into the United States for commercial advantage, 8 U.S.C. § 1324(a)(2)(B)(ii),

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kermit V. Lipez, United States Circuit Judge for the
First Circuit, sitting by designation.

and two counts of bringing an alien into the United States without presentation to an immigration official, id. § 1324(a)(2)(B)(iii). Gonzalez-Vazquez challenges the sufficiency of the evidence offered to prove the financial gain element of the counts charged under 8 U.S.C § 1324(a)(2)(B)(ii), the exclusion of certain financial evidence offered by Gonzalez-Vazquez, the admission of expert testimony, the admission of "profile evidence," and the denial of his motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The evidence in the record was sufficient to support the financial gain element of the two counts charged under 8 U.S.C. § 1324(a)(2)(B)(ii). Because the government proceeded with an aiding and abetting theory, it needed only to prove that a principal actor had a pecuniary motive to engage in smuggling, not Gonzalez-Vazquez himself. *United States* v. *Tsai*, 282 F.3d 690, 697 (9th Cir. 2002). The individuals found in Gonzalez-Vazquez's trunk testified that they (or their family members) expected to pay a fee to "Snakeheads" for smuggling them into the United States. That testimony was sufficient to demonstrate that the Snakeheads, the principals, had a pecuniary motive. *See United States* v. *Mejia-Luna*, 562 F.3d 1215, 1220 (9th Cir. 2009); *Tsai*, 282 F.3d at 697.

2. The evidence of Gonzalez-Vazquez's $80,000 pension was properly excluded under Federal Rules of Evidence 401 and 403. First, the pension evidence was irrelevant, per Rule 401. The government did not cross-examine Gonzalez-

2

Vazquez about a pecuniary motive, nor did it adduce any evidence suggesting that Gonzalez-Vazquez participated in the smuggling operation for his own financial gain. As such, Gonzalez-Vazquez's financial motivation was not at issue. *Cf. United States* v. *Whitman*, 771 F.2d 1348, 1351 (9th Cir. 1985) (noting that "[t]he district court has broad discretion to determine whether evidence is relevant" and that "the court has discretion to admit or deny motive evidence"). Moreover, even if we assume the pension evidence carried some relevance, the introduction of that evidence, as the district court noted, would have opened the door to an inquiry into the nature of the pension, how or when Gonzalez-Vazquez could access it, and potential withdrawal penalties. Accordingly, the district court correctly concluded that the potential for undue delay outweighed any minimal relevance of the pension evidence under Rule 403.

3. The district court did not err in admitting Officer Sergio Barron's expert testimony concerning the typical organization and roles within a Chinese smuggling operation. We have permitted modus operandi testimony in alien smuggling cases to "assist[] the jury in understanding alien smuggling schemes, their operational framework, and [a defendant's] particular role." *Mejia-Luna*, 562 F.3d at 1219. Here, Gonzalez-Vazquez denied any connection to the smuggling operation and claimed he had no knowledge of the individuals in his trunk. Hence, Officer Barron's

3

testimony was relevant to explain how such smuggling organizations typically work and the part Gonzalez-Vazquez played within this one. *See id*. at 1218-19.

4.  Contrary to Gonzalez-Vazquez's suggestion, Officer Barron's testimony did not constitute impermissible profile evidence. At no point did he describe characteristics common to drivers in Chinese smuggling operations or link his testimony to characteristics of Gonzalez-Vazquez. *See, e.g.*, *Reid* v. *Georgia*, 448 U.S. 438, 440 (1980) (per curiam) (describing a "'drug courier profile'" as a "somewhat informal compilation of characteristics believed to be typical of persons unlawfully carrying narcotics").

5.  As we find no error here, there is no basis for reversing the district court's denial of Gonzalez-Vazquez's motion for a new trial.

**AFFIRMED**.